# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00002-LY |
| | § | |
| **EDDIE SMITH** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on August 13, 2021, for a hearing on the U.S. Pretrial Services Office's Petition for Action on Conditions of Pretrial Release, dated June 23, 2021 (the "Petition") (Dkt. 20). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Eddie Smith was released on conditions on April 15, 2021 (Dkt. 15). In the Petition, Pretrial Services alleges that Defendant violated the following conditions of his release:

(7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

7(n) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

7(o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

The Petition alleges that Defendant failed to submit urine specimens as instructed on April 30, 2021 and July 12, 2021. On May 3, 2021, Defendant submitted a specimen that tested positive for

1

marijuana; on May 12, 2021, he admitted to smoking marijuana. Subsequently, Defendant submitted specimens which returned positive results for marijuana on May 18, 2021; June 14, 2021; and July 13, 2021. The Petition further alleges that Defendant arrived too late to attend two individual substance abuse counseling sessions, on June 17 and 18, 2021, and failed to report for his counseling session on July 15, 2021.

At the hearing, Defendant did not contest the allegations, but offered explanations for his late arrival to his counseling sessions and expressed willingness to continue substance abuse therapy, including through inpatient treatment.

The Court has carefully considered the Pretrial Services Report, the Petition, and the arguments of counsel for Defendant and for the government at the revocation hearing. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds by clear and convincing evidence that Defendant violated his Conditions of Release 7(m), 7(n), and 7(o) by using narcotic drugs, failing to submit for testing for prohibited substances, and failing to participate in outpatient substance abuse counseling, as alleged in the Petition.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Specifically, Defendant is **ORDERED** to participate in a 30-day program of inpatient substance abuse therapy and counseling as directed by the Pretrial Services Office beginning as soon as space becomes available, pursuant to Additional Condition of Release 7(o). Defendant shall reside at the inpatient facility and follow all rules of the facility.

The Petition for Action on Conditions of Pretrial Release (Dkt. 20) is **DENIED**. The Court **ORDERS** that Defendant remain in custody until a space is available for inpatient substance abuse treatment, subject to review of that issue at a hearing at **1 p.m. on Friday, September 17,** should space not be available before that time. Defendant remains subject to all conditions in the Court's Order Setting Conditions of Release (Dkt. 15) as well as this Order.

**SIGNED** August 13, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE